ON REHEARING GRANTED
DEKLE, Justice.
We have for review on direct conflict certiorari[1] the decision of the Fourth District Court of Appeal reported at 252 So.2d 301 (1971). Conflict is apparent with our decision in Mancini v. State, 273 So.2d 371 (Fla.1973) on the same point of law.
Our holding in Mancini requires here, as it did in that cause, that review of the sufficiency of the evidence may be considered upon the alternate basis of a motion for directed verdict presented to the trial judge, as well as upon the rule confirmed in this Court’s Owens v. State, 233 So.2d 389 (Fla.1970), following that recognized rule in State v. Wright, 224 So.2d 300 (Fla.1969), and related cases, that a review of the sufficiency of the evidence requires an opportunity for review by the trial judge upon a motion for new trial (now modified by Mancini to allow such review by other appropriate motion— *258 as by motion for directed verdict). The appellate rule is F.A.R. 6.16, subd. b, 32 F. S.A.
In the interest of expediting the heavy appellate workload, we shall proceed to the review of the trial judge’s denial of directed verdict, conflict having been first established from the record proper.[2]
Petitioner was convicted of possession of marijuana and was sentenced to three years at hard labor in the state penitentiary under the following circumstances.
Shortly after midnight on June 14, 1970, a police officer of the City of Pompano Beach heard the squealing of tires near his patrol zone. Speeding in search of this car the officer came upon the petitioner’s car parked in a warehouse area. Petitioner promptly got out of his car and went over to the officer’s vehicle. The officer testified that when petitioner alighted from his car the interior light went on and that he was able to see by this light that the. car was “smoke filled”. Petitioner explained to the officer that he had a warehouse in this area leased by his band for practice and that he was waiting to listen to the practice of another band in an adjoining warehouse; that while parked and waiting, he had just heard a 1959 Ford “zoom down the street”. A backup officer who had arrived at the scene went with petitioner and confirmed the fact that he did indeed have a warehouse in the area as he had stated.
While this check was being made, the first officer went over to the petitioner’s car in which petitioner’s female companion was seated on the passenger’s side. The officer noticed a pack of Kool Cigarettes immediately to the left of the girl on the front seat which she promptly picked up and put in her purse. The officer asked her for identification and when she reached into her purse for it, the officer stated that she had to remove the cigarette package and he then noticed that the top of a hand-rolled cigarette was protruding from the pack. While the officer reviewed the girl’s identification, she crumpled this cigarette package and dropped it on the floorboard of the car. The officer thereupon picked it up and asked her why she was throwing it away. Receiving no response he examined the pack and found a marijuana cigarette and placed the girl under arrest for possession of marijuana.
At this point the defendant was just returning from the warehouse with the other officer and he was promptly placed under arrest by the first officer on the same charge.
Upon cross-examination, the first officer conceded that he did not see petitioner place a pack of cigarettes on the seat; a search of petitioner after his arrest revealed only a pack of Marlboro Cigarettes on his person and no marijuana cigarettes were found in this pack. Neither was there any evidence of marijuana in any form found upon the petitioner, nor in the ashtray of the car. At no time was the pack of Kool Cigarettes seen in his possession and neither he nor his girlfriend threw anything out of the car. His companion who had been placed on probation for one year by the Juvenile Court testified that the Kool pack was hers and the petitioner had no marijuana in his possession, did not give her any marijuana and specifically did not give her the marijuana cigarette which was found in her pack of Kools, nor place it in her Kools. She further stated that neither of them was smoking marijuana in the car at the time the police arrived.
Motion for directed verdict was denied; the jury returned a guilty verdict and the sentence of three years was imposed. Motion for new trial had not been filed by original counsel; petitioner’s present counsel filed motion for new trial upon entering the case but this was beyond the time required for such filing and the court refused to consider the motion as late. *259 The district court per curiam affirmed upon our Owens.
These facts demanded a directed verdict of acquittal.[3] The district opinion is accordingly quashed with directions to remand the cause to the circuit court (then Court of Record of Broward County) to enter a directed verdict of acquittal.
It is so ordered.
ROBERTS, A. C. J., and ERVIN and McCAIN, JJ., concur.
MASON, Circuit Judge, dissents with opinion.
ADKINS, J., dissents and concurs with MASON, Circuit Judge.
BOYD, J., dissents.

. Fla.Const. art. Y, § 3(b) (3) (1973), F.S.A.

. Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla.1965).

. Pacetti v. State, 157 So.2d 445 (Fla.App.2d 1963) ; Adams v. State, 96 Fla. 356, 118 So. 204 (1928) ; Shuler v. State, 57 So.2d 336 (Fla.1952) ; 13 Fla.Jur., Evidence, § 417. See also : Fla.Std. Jury Inst., Crim., § 2.06 (p. 53).