279 So.2d 92 (1973)
Leroy RUSS, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1495.
District Court of Appeal of Florida, Third District.
June 12, 1973.
Pollack, Yocom & Haggard, Alvin E. Entin, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant seeks review of his conviction and sentence on the charge of possession of marijuana. We affirm.
Appellant challenges the sufficiency of the evidence to convict due to the lack of proof of appellant's knowledge of the presence of marijuana in appellant's car. Appellant was stopped by police and after a consensual search of his car, a package or bag of the drug was discovered under the driver's side of the dashboard. At the time of the search, appellant owned the car in question and was driving the car alone when stopped. At trial appellant denied knowledge of the presence of the drug and alleged that the car had been used earlier by another person.
The proof of scienter or knowledge of the presence of the drug in the case sub judice was in conflict and it was within the *93 purview of the trier of fact to resolve the issue. Frank v. State, Fla.App. 1967, 199 So.2d 117. The finding of the trial judge, sitting as the trier of fact, is accorded the weight of a jury verdict. We are of the opinion that the findings of the lower court were supported by competent substantial evidence as a whole and specifically as to appellant's knowledge and constructive possession of the drug. Spataro v. State, Fla.App. 1965, 179 So.2d 873.
Accordingly, no reversible error having been made to appear, the judgment and sentence appealed is hereby affirmed.
Affirmed.