PARHAM, Associate Judge.
This is a timely appeal by the defendant, D. J., a minor, from an order adjudging her to be a delinquent child and committing her to the custody of the Division of Youth Services.
On April 16, 1974, at about 12:10 a. m., an officer stopped a vehicle occupied by four persons, including appellant, who was sitting in right front seat. The officer smelled the odor of burning marijuana *36 emanating from the vehicle as he approached same. With the aid of a flashlight, he saw and seized: a half burned marijuana cigarette on the floor next to appellant; another half burned marijuana cigarette on the floor by the driver’s seat; a marijuana cigarette in the ashtray; a marijuana cigarette in the glove compartment, none of which were burning; and numerous marijuana seeds in the driver’s seat and on the console between the two front bucket seats. The officer arrested all the occupants upon a charge of possession of a controlled substance. The officer further testified that he had observed the vehicle and its occupants for approximately ten minutes prior to the arrests. His sole immediate clue, in the middle of the night, to any presence of marijuana was the smell described above. According to the evidence, the defendant at no time had actual possession of any marijuana.
The question on appeal is whether the above stated facts are sufficient to sustain the adjudication of delinquency and subsequent commitment.
It is well established that if the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drug’s presence on the premises and the ability to maintain control over it by the accused will not be inferred but must be established by proof. Frank v. State, Fla.App.1967, 199 So.2d 117, 120; Markman v. State, Fla.App.1968, 210 So.2d 486, 487; Harris v. State, Fla.App.1974, 307 So.2d 218, 220.
The only evidence in this case with which the State could prove knowledge of the presence of marijuana by the defendant is as quoted above. This is clearly circumstantial evidence, and in order for circumstantial evidence to be sufficient for conviction, it must be “ . . . consistent with the accused’s guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt. Brown v. State, 1937, 127 Fla. 225, 172 So. 921; Miller v. State, Fla.App.1972, 270 So. 2d 423, 424; Gaetano v. State, Fla.App. 1973, 273 So.2d 84, 86; Whitehead v. State, Fla.App. 1973, 273 So.2d 146, 147, 148; Harris v. State, Fla.App.1974, 307 So.2d 218, 220.
We are of the opinion that the facts subjudice are supportive of reasonable hypotheses of the defendant’s innocence and, for this reason, the Adjudication of Delinquency and Order of Commitment to Division of Youth Services hereby are reversed, with directions to discharge the appellant.
Reversed and remanded, with directions.
CROSS and MAGER, JJ., concur.