336 So.2d 127 (1976)
Randal L. HIVELY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-602.
District Court of Appeal of Florida, Fourth District.
July 16, 1976.
Rehearing Denied September 1, 1976.
*128 Richard L. Jorandby, Public Defender, and Frank B. Kessler, Asst. Public Defender, and Blair McCune, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Randal L. Hively, appeals a judgment of conviction and imposition of sentence for unlawful possession of cannabis (marijuana) in excess of five grams. We reverse.
On December 5, 1974 Deputy Sheriffs Lockaby, Verity, Wilkerson and Bowden of the Orange County Sheriff's Department were summoned to the Stone Apple Bar and Grill in Orlando, Florida, to disperse a group of people loitering in said establishment's parking lot. The deputies there observed Randal L. Hively, and one Leslie Bardon inside an automobile smoking a substance, possibly marijuana. Deputies Lockaby, Verity and Wilkerson approached the automobile. The two occupants of the automobile were requested to exit therefrom and produce identification. The odor of marijuana was detected. Looking into the automobile, Deputies Lockaby and Verity observed a pipe on the console between the automobile's front bucket seats and a bag of marijuana on the floor in front of the automobile's driver's seat. Defendant and Barbon were placed under arrest. A search of the automobile revealed two "roaches," butts from marijuana cigarettes, and a "roach clip."
Defendant was charged by information with unlawful possession of cannabis (marijuana) in excess of five grams in violation of Section 893.13(1)(e), Florida Statutes 1973. Trial was by jury. At the close of the state's evidence and again at the close of all the evidence in the cause, defendant moved for a judgment of acquittal on the ground that the state had failed to present evidence sufficient to demonstrate that the defendant knew of the presence of the cannabis in the automobile. These motions were denied by the trial court. The jury found the defendant guilty of the offense charged in the information. Defendant was adjudged guilty and sentenced to two years in prison. It is from this judgment and sentence that defendant appeals.
The question presented for our determination in this appeal is whether the trial court erred in denying the defendant's motions for a judgment of acquittal.
*129 Section 893.13(1)(e), Florida Statutes 1973, provides:
"It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice... ."
Cannabis is a controlled substance. Section 893.02(3) and Section 893.03(1)(c), Florida Statutes 1973.
For the purposes of § 893.13(1)(e), actual possession exists where the accused has physical possession of the controlled substance and knowledge of such physical possession. Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance. Willis v. State, 320 So.2d 823 (Fla.App. 1975). See also Medlin v. State, 279 So.2d 41 (Fla.App. 1973); Griffin v. State, 276 So.2d 191 (Fla.App. 1973).
If the premises on which the controlled substance is found is in the exclusive possession and control of the accused, knowledge of the presence of said controlled substance on the premises, coupled with accused's ability to maintain control over it, may be inferred. If the premises on which the controlled substance is found is not in the exclusive but only in the joint possession of the accused, knowledge of the presence of said controlled substance on the premises and the accused's ability to maintain control over it will not be inferred but must be established by proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the controlled substance on the premises, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the controlled substance on the premises. Willis v. State, supra; Smith v. State, 279 So.2d 27 (Fla. 1973); Frank v. State, 199 So.2d 117 (Fla.App. 1967).
Turning to the instant case, it is apparent that defendant's conviction must rest on constructive possession in view of the fact that defendant was not physically possessed of the marijuana. The evidence shows that the defendant was not in exclusive possession or control of the automobile in which the marijuana was found. The issue therefore becomes whether or not the evidence was sufficient to present a jury issue on the question of the defendant's knowledge of the presence of the marijuana in the automobile and ability to maintain control over the same.
The state relies on the following circumstantial evidence as proof that the defendant knew of the presence of the marijuana: the bag containing marijuana found in close proximity to the defendant; there was a pipe on the console between the automobile's bucket seats; there were two roaches and a roach clip in the automobile ashtray; and there was present in the automobile the odor of marijuana. Evidence also indicates, however, that the automobile did not belong to the defendant but was borrowed by him to take Barbon home; individuals other than the defendant had been seen in the automobile shortly before the defendant borrowed the automobile; and the defendant did not see the bag of marijuana, the roaches or the roach clip. Thus arises the question as to whether someone other than the defendant placed the marijuana in the automobile without defendant's knowledge. From the foregoing we are of the opinion that the evidence presented is not sufficient to present a jury issue on the question of the defendant's knowledge of the presence of the marijuana in the automobile, and that the trial court erred in denying defendant's motion for a judgment of acquittal.
*130 Accordingly, the judgment is reversed, the sentence is vacated and set aside, and the cause remanded with instructions to discharge the defendant.
Reversed and remanded, with instructions.
MAGER, C.J., and DOWNEY, J., concur.