355 So.2d 166 (1978)
Richard MANNING, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1120.
District Court of Appeal of Florida, Fourth District.
February 14, 1978.
Patrick C. Rastatter of Glass, Krathen, Rastatter, Stark & Tarlowe, P.A., Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The question here is whether the facts made out a prima facie case against the appellant who pled nolo contendere reserving his right to appeal the denial of his motion to dismiss. We say no and reverse.
The appellant was charged with actual or constructive possession of marijuana based on the undisputed facts of his arrest. The appellant was arrested upon entering, and sitting behind the wheel of, a parked automobile (which the police had under surveillance) with four other companions. A search of the vehicle revealed 2 1/2 ounces of marijuana in the unlocked center console.
If the premises on which drugs are seized are not in exclusive, but only joint possession of the accused, knowledge of the presence of drugs will not be inferred but must be established by other evidence. By other evidence we mean evidence other than the evidence of the accused's non-exclusive possession of the premises. Medlin v. State, 279 So.2d 41 (Fla. 4th DCA 1973). No such "other evidence" was presented here.
Appellant, in our view, had only joint possession and control over the automobile, Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976); Thomas v. State, 297 So.2d 850 (Fla. 4th DCA 1974); cf. Russ v. State, 279 So.2d 92 (Fla. 3d DCA 1972), and there was no direct evidence that he knew the marijuana was in the unlocked center console, to which the other passengers had equal access. See Nogar v. State, 277 So.2d 257 (Fla., 1973). The mere fact that appellant was in the driver's seat of a jointly occupied vehicle in which drugs are found would not be sufficient to allow a jury to find him guilty of the offense charged. Thomas v. State, 297 So.2d 850 (Fla. 4th *167 DCA 1974); Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976). In Hively, supra, marijuana was found in a pipe lying on the center console of a vehicle driven by defendant with one Leslie Bardon in the passenger seat. Notwithstanding the fact that appellant had borrowed the automobile to take Bardon home, this court held that a jury issue was not created as to defendant's knowledge of the presence of marijuana in the automobile. We note that there was no showing as to who owned the automobile in the instant case, but we are of the opinion that proof of appellant's ownership of the vehicle would not have cured the defect in the case at bar.
Cases involving ownership combined with joint possession are sparse. The Nogar, supra, case dealt with a distinguishable factual situation where the passenger claimed ownership of the drugs. In Russ v. State, 279 So.2d 92 (Fla. 3d DCA 1973), a defendant-owner's conviction for possession of drugs found under the dash board was affirmed, but he was alone at the time of his arrest (he argued that the car had been used earlier by another person). See also Zicca v. State, 232 So.2d 414 (Fla. 3d DCA 1970). The courts in Florida have implied in similar, although factually distinguishable situations, that mere proof of ownership alone, does not infer knowledge of the presence of contraband. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977); Tomlin v. State, 333 So.2d 500 (Fla. 2d DCA 1976); Medlin v. State, supra. One case outside this jurisdiction is Commonwealth v. Wisor, 466 Pa. 527, 353 A.2d 817 (Penn. 1976). In Wisor, a defendant was charged with possessing marijuana in a pipe lying in the space between the front right passenger seat of a car occupied by six persons including defendant who was the owner-driver thereof. The court held that "the fact of ownership does not support the inference that appellant knew the pipe was under the seat." Id at 818. We agree.
In the light of all the foregoing, we cannot infer that the appellant was in actual or constructive possession of the marijuana.
REVERSED.
ANSTEAD and DAUKSCH, JJ., concur.