483 So.2d 42 (1986)
Darryl Sean FEDOR, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1041.
District Court of Appeal of Florida, Second District.
January 10, 1986.
Rehearing Denied February 18, 1986.
Robert H. Dillinger of Dillinger & Swisher, P.A., St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Defendant appeals his convictions resulting from a jury trial for multiple drug charges. We affirm, and discuss only the conviction for possession of marijuana.
The charges against defendant arose out of a drug purchase by an undercover police officer which took place inside a house. Defendant and another man arrived at the house in defendant's car which was left parked in front of the house shortly before the arrests occurred. After the drug purchase occurred and defendant and others were arrested, police officers searched the car and found two marijuana roaches in the ashtray located in the center portion of the dashboard, and also a small amount of marijuana in a World Atlas on the floorboard between the two front seats. The evidence showed that the car was registered to defendant and that defendant had been driving when the car arrived at the house. Defendant testified that he had no knowledge of the marijuana.
Defendant contends on appeal that the trial court erred in not dismissing the possession of marijuana charge because there was insufficient evidence to show possession of the contraband by defendant. We disagree. As this court explained in Spataro v. State, 179 So.2d 873, 877 (Fla. 2d DCA 1965):
The accused has "constructive possession" of a chattel where he has knowledge of its presence coupled with the ability to maintain control over it or reduce it to his physical possession, even though he does not have actual personal dominion... . It should be noted that possession need not be "exclusive," but may be joint with one or more persons.
In Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976), our sister court reversed a *43 conviction for possession of marijuana where the evidence showed that the defendant was not in exclusive possession or control of the automobile in which the marijuana was found. In this case, the evidence showed that defendant was the owner and driver of the vehicle, thereby exercising possession and control. He relies upon the fact that the evidence also shows that he had a passenger. He tends to ignore the fact that the ashtray in the center of the dashboard contained two marijuana roaches that had been partially consumed. Even if it might be assumed that the passenger had smoked both, it is certainly a reasonable inference that it was done in the presence of, and with the permission of, defendant. Even though the Hively court reversed on the basis of the evidence in that case, it did acknowledge the controlling law on the subject of constructive possession by stating:
[A]ctual possession exists where the accused has physical possession of the controlled substance and knowledge of such physical possession. Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance. Willis v. State, 320 So.2d 823 (Fla.App. 1975). See also Medlin v. State, 279 So.2d 41 (Fla.App. 1973); Griffin v. State, 276 So.2d 191 (Fla.App. 1973).
If the premises on which the controlled substance is found is in the exclusive possession and control of the accused, knowledge of the presence of said controlled substance on the premises, coupled with accused's ability to maintain control over it, may be inferred. If the premises on which the controlled substance is found is not in the exclusive but only in the joint possession of the accused, knowledge of the presence of said controlled substance on the premises and the accused's ability to maintain control over it will not be inferred but must be established by proof. Such proof may consist either of evidence establishing that the accused had actual knowledge of the presence of the controlled substance on the premises, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the controlled substance on the premises. Willis v. State, supra; Smith v. State, 279 So.2d 27 (Fla. 1973); Frank v. State, 199 So.2d 117 (Fla.App. 1967).
We conclude, under the circumstances of this case, that the jury could have reasonably inferred that defendant knew of the presence of the marijuana and had control of it.
The cases relied on by defendant, or supportive in any way of his position, are, in our opinion, all distinguishable. In most of those cases in which the possession is alleged to have taken place in a motor vehicle, the defendants were not, or could not be shown to be, the owners of the vehicle in which the contraband was found, or it was found in a location in which the knowledge of the owner or driver should not necessarily be inferred.
The other points raised on appeal by defendant all concern the conduct of the trial, including exclusion of certain testimony, alleged prosecutorial misconduct, and the denial of a motion for mistrial. As to these points, we conclude that either there was no error or that any error was harmless.
The convictions are all affirmed.
GRIMES, A.C.J., and CAMPBELL, J., concur.
LEHAN, J., dissents with opinion.
LEHAN, Judge, dissenting.
I respectfully dissent from the affirmance of the possession of marijuana conviction. I would reverse that conviction. I agree with the statement of facts in the majority opinion except that I would point out that the ashtray containing marijuana was on the passenger side of the gearshift.
I agree with defendant's contention that there was insufficient evidence to prove his *44 possession of marijuana. The majority opinion contains a quotation from Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965). In that case this court also said,

Evans v. United States, [257 F.2d 121, 128 (9th Cir.1958)], is quite similar to the case presently before this court. That court, in finding the evidence sufficient to support the verdict, stated:
Where one has exclusive possession of a home or apartment in which narcotics are found, it may be inferred ... that such person knew of the presence of the narcotic and had control of them.
... But [where the accused has not been] in exclusive possession of the premises, it may not be inferred that he knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference.

179 So.2d at 877 (emphasis added).
In this case, the car in which the marijuana was found was not exclusively occupied by defendant. It had most recently been jointly occupied by defendant and a passenger. Under the circumstances, I do not believe it could be inferred simply from defendant having been the owner and driver of the car that defendant knew of the presence of the marijuana and had control of it. In my view the record is devoid of any incriminating statements or of any other evidence which would show defendant's knowledge of or control over the contraband. There was no evidence that the marijuana was in the view of defendant or that defendant had any reason to be aware of it. That it was not in view would seem to indicate that the ashtray may have been closed. There was, I believe, insufficient evidence to sustain the conviction. Compare State v. Nobles, 477 So.2d 32 (Fla. 1st DCA 1985), where under very similar facts the First District Court of Appeal found sufficient probable cause to arrest but specifically did not address the issue of sufficiency of evidence for a conviction. The court pointed out that "probable cause to arrest is not to be equated with the standard of conclusiveness and probability upon which a conviction must be based." 10 FLW at 2362.
I believe Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976), cited in the majority opinion, supports a reversal of the possession of marijuana conviction. The basic reason is contained in the following quotation from Hively included in the majority opinion: "If the premises on which the controlled substance is found is not in the exclusive but only in the joint possession of the accused, knowledge of the presence of said controlled substance on the premises and the accused's ability to maintain control over it will not be inferred but must be established by proof." 336 So.2d at 129. In Hively defendant and another person were occupying a vehicle in which police officers found a bag of marijuana on the floor near defendant's seat, a pipe on the center console between the front seats, and a small amount of marijuana in the ashtray. In contrast to the evidence (or, more accurately, I believe, the lack of evidence) in the case at hand, there was in Hively the odor of marijuana in the vehicle. The Fourth District Court of Appeal nonetheless held "that the evidence presented is not sufficient to present a jury issue on the question of the defendant's knowledge of the presence of the marijuana in the automobile, and that the trial court erred in denying defendant's motion for a judgment of acquittal." 336 So.2d 129.
In Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978), defendant was sitting behind the wheel of a parked car in which police located marijuana in the unlocked center console. The car was also occupied by four other people. The Fourth District reversed defendant's conviction for possession of marijuana, stating that, under the circumstances, "we cannot infer that appellant was in actual or constructive possession of the marijuana." 355 So.2d at 167. See also Townsend v. State, 330 So.2d 513 (Fla. 4th DCA 1976); Moore v. State, 325 So.2d 466 (Fla. 4th DCA 1976).
*45 In finding insufficient evidence to convict a defendant, who was one of eight occupants, and was a resident, of a bus in which marijuana was located, of possession of marijuana, the Third District in Langdon v. State, 235 So.2d 321 (Fla. 3d DCA 1970), noted that the evidence was subject not only to the hypothesis of defendant's guilt but was also subject to the equally reasonable hypothesis of his innocence.
In D.J. v. State, 330 So.2d 35 (Fla. 4th DCA 1976), another case finding insufficient evidence of possession of marijuana, the defendant was a joint occupant of a car in which small amounts of marijuana were found, in contrast to the facts of the case at hand, in plain view, some of which was in close proximity to defendant. The Fourth District noted that the evidence of defendant's knowledge of the marijuana was circumstantial. "[I]n order for circumstantial evidence to be sufficient for conviction, it must be `... consistent with the accused's guilt, inconsistent with innocence and must exclude every reasonable hypothesis except that of guilt.'" 330 So.2d at 36. See also Metzger v. State, 395 So.2d 1259 (Fla. 3d DCA 1981) (circumstantial evidence of defendant's knowledge and ability to control marijuana was insufficient to exclude every reasonable hypothesis except that of guilt); Harvey v. State, 390 So.2d 484 (Fla. 4th DCA 1980).
In the instant case there was no evidence or testimony showing defendant's knowledge of or control over the marijuana. The only evidence was circumstantial, and, as such, was, I believe, insufficient to exclude every reasonable hypothesis except that of guilt.
The majority opinion attributes significance to the existence of two partially consumed marijuana cigarettes in the ashtray. According to the majority, this supports an inference of knowledge by defendant of the presence of the marijuana. However, there was no evidence as to when they had been smoked and, as pointed out above, there was no evidence that those items were in the view of defendant or that defendant had any reason to be aware of them. There was no evidence as to the smoking of marijuana in the car and no evidence of the use of, or activities in or occupants of, the car prior to its arrival at the house. Evidence merely that there are one or two or more cigarette butts, in undescribed conditions and of undescribed degrees of freshness or lack of freshness, in an ashtray in a car which is occupied by two persons and in which there is no indication of smoking would, I believe, yield no valid inference whatsoever as to whether or not either or both or none of the persons had anything to do with the cigarettes, including the possession or the smoking of the cigarettes. This type of circumstance is no more or less conclusive than would be the presence of one or two or more unseen items of undescribed clothing said to be found in an area occupied by two persons as to whether or not one of those persons wore the clothing.
It seems to me that the majority opinion fails to sufficiently take into account not only the reasonable hypothesis of innocence principle referred to in the above cited cases but also the burden on the prosecution in a case like this involving joint possession. That burden is to prove both knowledge and control of the contraband by defendant. The mere presence of marijuana in a car occupied by a driver and a passenger, at least when the contraband is not in view and is located more in the vicinity of the passenger than the driver, which summarizes the evidence here, should not be enough to convict the driver of its possession.
In any event, whether or not there could be a valid inference of knowledge by the defendant in this case, I understand the majority to also infer control. There being no evidence of control, the majority must rely upon an inference. However, the only possible basis for such an inference is the foregoing inference of knowledge and the fact that the driver owned the car. As indicated in Manning, a driver's ownership of a car in circumstances like these is not enough to support an inference of control. Therefore, under the facts of this case I *46 believe the effect of the majority opinion is not only to employ an at least questionable inference but also to incorrectly base another inference on that inference. See Collins v. State, 438 So.2d 1036, 1038 (Fla. 2d DCA 1983).
I believe the majority opinion has the effect of making a driver criminally responsible for unseen contraband which, for all the evidence shows, may well have been left in his car by a passenger.