STONE, Judge,
concurring specially.
I concur specially to note the following factors which distinguish this case from Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978), Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976), D.J. v. State, 330 So.2d 35 (Fla. 4th DCA 1976), and similar cases in which the courts found a lack of constructive possession where drugs were discovered in an automobile with multiple occupants, or under circumstances where knowledge of the presence of the contraband was not established.
Here:
(1) The aluminum foil packet of cocaine was found on the driver’s portion of the seat where the driver’s thigh would have covered it had he remained behind the wheel.
(2) The defendant testified that he had taken the passengers to a house where they could smoke cocaine, which they did for a considerable time before leaving and being followed by the officers.
(3) The defendant admitted that one of the passengers had asked to use cocaine in the car immediately before being dropped off — thereby acknowledging that he was aware of the presence of the drugs in the car.
(4) The defendant was alone and in control of the vehicle for approximately fifteen minutes before the eighty mile per hour chase ensued that ended in the abandonment of the car and flight on foot from the pursuing officers.
There was sufficient evidence in this case, considering appellant’s admissions, from which a jury could conclude beyond a reasonable doubt that he possessed the drugs. See Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Fedor v. State, 483 So.2d 42 (Fla. 2d DCA 1986).