PARKER, Judge.
A.C. appeals his conviction for possession of cannabis with intent to sell or deliver within 1000 feet of a school, arguing that the evidence was insufficient to convict him of that crime. We agree and reverse.
An assistant principal and resource officer of a school saw A.C. and another individual on the school’s campus near the lunch room. The resource officer proceeded to the school’s parking lot and saw a vehicle which two individuals occupied. One person was seated in the passenger seat and the other person was in the rear seat. The assistant principal then went to the parking lot and searched the vehicle. He found a bag underneath the front passenger seat which contained little baggies of marijuana. The assistant principal testified that he never observed A.C. anywhere near the vehicle. The resource officer testified that he saw A.C. approximately 500 feet from the vehicle. A.C. admitted that he owned the vehicle. He never made any admission that the marijuana belonged to him or that he had any knowledge of its presence under the seat.
The state charged A.C. with possession of cannabis with intent to sell within 1000 feet of a school. Thus, the state was required to prove, in addition to other elements, that A.C. possessed the marijuana. Because the evidence did not show that A.C. had actual possession of the marijuana, A.C.’s conviction can be upheld only if the state proved that A.C. was in constructive possession of the marijuana in the vehicle.
In order to show constructive possession, the state must prove that the accused had dominion and control over the contraband; knew of the presence of the contraband; and knew of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Rogers v. State, 586 So.2d 1148 (Fla. 2d DCA 1991). If the contraband is found in a vehicle over which the accused has joint possession, the accused’s knowledge of the presence of the contraband and his ability to control it will not be inferred from ownership or possession of the vehicle but must be established by independent proof. Moffatt v. State, 583 So.2d 779 (Fla. 1st DCA 1991). This proof must consist either of evidence of actual knowledge of the contraband’s presence or evidence of incriminating statements and circumstances from which the jury reasonably might infer the accused’s actual knowledge of the presence of the contraband. Fedor v. State, 483 So.2d 42 (Fla. 2d DCA), review denied, 492 So.2d 1331 (Fla.1986). Applying these principles of law, the Fourth District reversed a conviction for possession of marijuana and held that the state failed to prove the defendant’s possession when the evidence showed that the defendant was in the driver’s seat of a jointly occupied vehicle in which officers found marijuana in the unlocked center console, to which the other occupants had equal access, when there was no proof that the driver knew that marijuana was located in the vehicle. Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978). The Manning court opined that its decision would be un *1175 changed even if the evidence showed that the defendant owned the vehicle.
In this case there was no evidence that A.C. had knowledge of the presence of the marijuana. It was concealed under the passenger’s seat and was not in open view. A.C. made no incriminating statements, and there were no circumstances from which the jury reasonably could have inferred A.C.’s knowledge of the presence of the marijuana. The evidence which the state presented is not inconsistent with the reasonable hypothesis that the two individuals whom the resource officer found in the car could have placed the marijuana under the seat without A.C.’s knowledge. Thus, the trial court erred in denying A.C.’s motion for judgment of acquittal. We, accordingly, reverse the conviction and remand this case to the trial court to dismiss the charge for failure of the state to prove the crime charged.
Reversed.
THREADGILL, C.J., and BLUE, J., concur.