712 So.2d 1240 (1998)
Robert PRESSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1991.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
*1241 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise M. Mitchell, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We reverse Defendant's conviction and sentence for possession of cocaine and possession of marijuana. Denial of Defendant's motion for judgment of acquittal was error, as the state failed to prove that Defendant had knowledge of the presence of contraband found in a car which Defendant jointly possessed. Although the car was his sister's, Defendant, the driver, was the primary user. There were two passengers in the car with Defendant at the time of the arrest. If an area is only in a defendant's joint possession, his knowledge of the presence of contraband and his ability to maintain control over it will not be inferred but must be established by other proof. See Brown v. State, 412 So.2d 420 (Fla. 4th DCA 1982), approved, 428 So.2d 250 (Fla.1983).
The investigating officer approached Defendant's car at night and noticed the smell of marijuana. He shined a flashlight into the car and illuminated a particle of rock cocaine measuring only 1/16th of an inch, and weighing only .05 grams. It was located in a seam on the driver's side of the front bench seat of the car, where the back and the seat meet. Small amounts of marijuana residue and seeds were also found on the floor of the car. Food particles were scattered throughout the car, including remnants from a hamburger, french fries, potato chips, peanut shells, and various crumbs. When the light focused on the area where the cocaine was found, Defendant indicated that he thought the substance was part of a potato chip. However, we do not deem this comment as indicative of guilty knowledge given this setting.
We find that the state failed to sufficiently establish Defendant's knowledge of the presence of the illegal drugs. This and other courts have refused to find constructive possession where there were even more incriminating factors than those in the instant case. See In Interest of E.H., 579 So.2d 364 (Fla. 4th DCA 1991) (rock cocaine found between the driver's seat where defendant was seated and center hump); Williams v. State, 573 So.2d 124 (Fla. 4th DCA 1991) (defendant was found sitting in chair where two cocaine rocks were located between seat cushion and armrest and another on ground under chair); McClain v. State, 559 So.2d 425 (Fla. 4th DCA 1990); Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976) (bag containing marijuana found in close proximity to defendant; pipe on console between automobile's bucket seats; two "roaches" and a roach clip in the ashtray; and the odor of marijuana); D.J. v. State, 330 So.2d 35 (Fla. 4th DCA 1976) (odor of burning marijuana, half burned marijuana cigarette on the floor next to defendant and on the floor by the driver's seat, marijuana cigarette found in ashtray and in glove compartment, *1242 and numerous marijuana seeds in seats); Metzger v. State, 395 So.2d 1259 (Fla. 3d DCA 1981) (almost a handful of marijuana scattered over the deck where defendant was located).
We recognize that there are circumstances in which the amount or location of contraband on or about a seat is sufficient evidence of guilty knowledge. See Thomas v. State, 512 So.2d 1099 (Fla. 5th DCA 1987) (conviction for possession of cocaine supported by bits of crack cocaine found in seat of car recently vacated by defendant due to position and manner in which cocaine was arranged; had defendant been unaware of them, they most likely would have been brushed aside when defendant got into and out of the seat). However, such is not the case in this instance.
GROSS and TAYLOR, JJ., concur.