743 So.2d 1190 (1999)
Auline THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0985.
District Court of Appeal of Florida, Fourth District.
November 3, 1999.
*1191 Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Auline Thomas timely appeals from a jury verdict of guilty as to possession of cocaine and possession of cannabis in an amount less than twenty grams. She was sentenced to twenty-two months in prison on the cocaine charge, and one year in the county jail for the marijuana charge. She argues that the state failed to prove she constructively possessed the marijuana. She also argues the court erred in overruling her objection to testimony by the state's expert. We affirm in part and reverse in part.

Facts
Thomas was originally charged with possession of cocaine with intent to sell or deliver, and possession of cannabis in an amount less than twenty grams. At trial, one of the officers testified that on the date in question she made a traffic stop of the vehicle driven by Thomas and containing two other passengers, Yvonne Lawson[1] and an unidentified male. When Thomas' car came to a stop, the unidentified male fled the area by foot and was never apprehended. At that point, two other officers pulled up and approached the car.
One of those officers, Detective Jones, testified that upon looking in the vehicle he saw Thomas take her left hand, which contained a white object, and stuff the object between the front seat and console. He suspected the object to be crack cocaine. He testified that Thomas admitted that the car belonged to her.
Jones testified he then searched the car. He recovered suspected crack cocaine in the area between the seat and console where he saw Thomas place her hand. He also found crack cocaine from the floorboard behind the front seat. He testified that another officer pointed to a marijuana cigarette inside the ashtray. He admitted he could not tell whether the marijuana cigarette was hot or cold.
The state's forensic chemist testified that the above substances that Jones found in the car were cocaine rocks weighing a total of 4.6 grams and marijuana. The state then introduced testimony from another expert, a narcotics investigator who had been qualified approximately fifteen times before as an expert in street level narcotics transactions. This investigator opined, over Thomas' objection, that 4.6 *1192 grams of cocaine is inconsistent with personal use.
After the state rested, Thomas moved for judgment of acquittal as to both charges. The court denied the motion. The jury found her guilty of the lesser included offense of possession of cocaine, and guilty of possession of marijuana, as charged.

Merits
Thomas maintains that the state failed to establish that she had constructive possession of the marijuana pursuant to Florida Statutes, section 893.13(6)(b) (1997).[2] Specifically, she points to the fact that the marijuana could have belonged to Lawson, the other passenger in the car. As such, she concludes that the state failed to make a prima facie case of guilt and, thus, the court should have granted her a judgment of acquittal.
In moving for a judgment of acquittal, a defendant admits all the facts and evidence adduced at trial, as well all reasonable inferences that reasonably may be drawn from such evidence. Dupree v. State, 705 So.2d 90, 93 (Fla. 4th DCA)(en banc), dismissed, 725 So.2d 1107 (Fla.1998) (citations omitted). The state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. Id. (citing State v. Law, 559 So.2d 187, 189 (Fla.1989)). If the evidence, when viewed in a light most favorable to the state, does not establish the prima facie case of guilt, the court should grant the motion. Id. (citation omitted).
In this case, the evidence presented by the state against Thomas is circumstantial. The supreme court set forth the following standard for reviewing circumstantial evidence:
A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.... [I]f the state does not offer evidence which is inconsistent with the defendant's hypothesis, "the evidence [would be] such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law." The state's evidence would be as a matter of law "insufficient to warrant a conviction."
Law, 559 So.2d at 188-89 (internal and external citations omitted).
Constructive possession exists where the defendant, without physical possession of the controlled substance, has dominion and control over the contraband, knowledge that the contraband was within her presence, and knowledge of the illicit nature of the contraband. Dupree, 705 So.2d at 94 (citations omitted); Hively v. State, 336 So.2d 127, 129 (Fla. 4th DCA 1976). If the premises on which the controlled substance is found is in the defendant's joint possession, her knowledge of the contraband's presence and ability to maintain control over it must be established by independent proof. Hively, 336 So.2d at 129 (citations omitted). In other words, the defendant's mere proximity to the contraband is insufficient to show her constructive possession of same. Dupree, 705 So.2d at 94 (citations omitted).
In this case, the state showed Thomas' dominion and control over the marijuana by virtue of the fact that she owned and was driving the car in which it was found. However, there was no evidence that Thomas knew of the illicit nature of the cigarette, nor that she knew it was within her presence. Jones testified that he did not know if the cigarette had been smoked. *1193 While he testified that the cigarette was in the ashtray and broken open with some marijuana particles inside of it, there was no direct or circumstantial evidence that would support a finding that Thomas had knowledge of its presence and/or illicit nature. As such, we hold reversal is required. See Pressley v. State, 712 So.2d 1240, 1240-41 (Fla. 4th DCA 1998)(reversing conviction of possession of cocaine and marijuana where state did not establish Pressley's knowledge of the presence of the illegal drugs); In the Interest of E.H., 579 So.2d 364, 365 (Fla. 4th DCA 1991)(holding state failed to show constructive possession of cocaine where evidence failed to exclude the possibility that the contraband belonged to defendant's passenger, or that it had been discarded by one of the three men who had been leaning inside defendant's vehicle before they fled police); Manning v. State, 355 So.2d 166, 167 (Fla. 4th DCA 1978) (holding no constructive possession shown where evidence included two and one-half ounces of marijuana found in unlocked center console in car, defendant was in driver's seat, and four other passengers were in the car).
The state attempts to factually distinguish Pressley, E.H., and Manning. It maintains that, whereas the contraband in those cases was not found in plain view, the jury here could have inferred from Jones' testimony that the marijuana cigarette found in the ashtray was in plain view. It posits that contraband found in plain view is generally sufficient to show constructive possession. We disagree. While objects found in plain view may show that the defendants knew that such objects were in their presence, they do not necessarily mean that the defendants knew of their illicit nature. Compare D.J. v. State, 330 So.2d 35, 36 (Fla. 4th DCA 1976)(holding as insufficient evidence to establish constructive possession of marijuana odor of burning marijuana, half-burned marijuana cigarette on the floor next to defendant and on the floor by the driver's seat, marijuana cigarette found in ashtray and in glove compartment, and numerous marijuana seeds in seats), with Brown v. State, 428 So.2d 250, 252 (Fla.1983)(holding state showed Brown constructively possessed marijuana found in plain view in his home where Brown never indicated that he did not know of the illicit nature of the seized drugs).
We also disagree with the state that Fedor v. State, 483 So.2d 42 (Fla. 2d DCA), review denied, 492 So.2d 1331 (Fla.1986) is on point. In that case, Fedor owned and drove the car in which two marijuana roaches were found in the car's ashtray. Fedor also had a passenger in the car. The court held he constructively possessed the marijuana based, in part, on evidence that the marijuana had been partially consumed. It explained,
In this case, the evidence showed that defendant was the owner and driver of the vehicle, thereby exercising possession and control. He relies upon the fact that the evidence also shows that he had a passenger. He tends to ignore the fact that the ashtray in the center of the dashboard contained two marijuana roaches that had been partially consumed. Even if it might be assumed that the passenger had smoked both, it is certainly a reasonable inference that it was done in the presence of, and with the permission of, defendant.
Id. at 43 (emphasis in original).
Unlike Fedor, in the instant case there was no evidence that the cigarette had been recently consumed. Had Jones testified that the cigarette was "hot," we believe it would have been a closer call as to whether she knew of its illicit nature. Cf. Cordero v. State, 589 So.2d 407, 409 (Fla. 5th DCA 1991)(affirming denial of JOA where marijuana bag was found in plain view in the vehicle in which defendant was passenger, there was a small piece of a marijuana cigarette in the bag, and defendant had rolling papers on his person). However, to the extent that our holding conflicts with that in Fedor, we certify conflict.
*1194 Thomas also argues the court erred in overruling her objection to the state's expert's testimony that possessing 4.6 grams of cocaine is inconsistent with personal use. We disagree. Courts routinely have allowed experts to testify that a particular amount of cocaine is inconsistent with personal use in order to establish a defendant's intent to sell or distribute cocaine. See, e.g., Strong v. State, 714 So.2d 598, 601 (Fla. 5th DCA 1998); Woods v. State, 596 So.2d 156, 158 (Fla. 4th DCA), rev. den., 599 So.2d 1281 (Fla.1992). Because Thomas was charged with possession with the intent to sell or deliver, we hold the court acted within its discretion in allowing the expert to so opine.
AFFIRMED in part; REVERSED in part.
WARNER, C.J., and GROSS, J., concur.
NOTES
[1] Lawson was tried with Thomas and convicted of possession of cocaine.
[2] That section provides, in pertinent part,

If the offense is the possession of not more than 20 grams of cannabis, as defined in this chapter, the person commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083....
§ 893.13(6)(b), Fla. Stat. (1997).