DAVIS, Judge.
In this juvenile delinquency case, R.C. challenges the trial court’s denial of his motion for a judgment of acquittal of burglary of a dwelling. Because there is no evidence of record to support a finding that R.C. had the intent to commit an offense when he entered the mobile home, we reverse the burglary finding. However, because the evidence does support a finding that R.C. committed a trespass, which is a necessary lesser included offense of burglary, we remand for entry of a trespass finding and a new disposition hearing.
To'prove that R.C. committed burglary of a dwelling, the State had to show that he entered or remained in the dwelling with the intent to commit an offense once inside. See § 810.02(1), Fla. Stat. (1999). Although intent may be inferred from one’s acts, R.C.’s actions here, as revealed by the record, do not support such an inference.
R.C.’s charges stemmed from his entry into a vacant mobile home where he wrote *1079 on an interior wall with a marker. The evidence from which his intent must be inferred consisted of the testimony of the deputy and R.C. himself. According to the deputy, R.C. admitted that although he was present when Stephanie, a runaway friend, broke into the mobile home, he did not go inside the trailer at that time. R.C. admitted, however, that he later returned to and entered the mobile home. A reasonable inference could be drawn from this evidence that he knew he did not have the owner’s permission to enter. Although he also admitted to the deputy that he marked on the wall once he was inside, R.C. said he did so only as an afterthought; his only intention in entering the mobile home was to visit the girl.
At trial, R.C. testified that he was not present when Stephanie originally entered the mobile home. He said that after she had been staying there a while, he came by and saw her in the yard. At her invitation, he went inside and stayed for a period of time. Later that evening, upon realizing that he had left his compact disc player, he returned to the mobile home to retrieve his property and was arrested. He admitted that he did mark on the wall while he was visiting Stephanie. He testified that there were other markings on the wall and that the marker was on the floor of the mobile home. He denied having the intent to commit the act of criminal mischief at the time he entered, and he denied bringing the marker in with him. There is nothing in the testimony presented at trial that would support the inference that R.C. entered the mobile home for the purpose of committing an act of criminal mischief.
Neither was the evidence such that it would support an inference that R.C. “remained in” the mobile home with the intent to commit an offense since R.C. did not “remain in” the home surreptitiously. See Delgado v. State, 776 So.2d 233 (Fla.2000).[1]
While we find no evidence to support the finding that R.C. committed burglary of a dwelling, R.C.’s statement to the deputy does support a finding that R.C. committed the necessary lesser included offense of trespass since he knowingly entered the mobile home without the owner’s permission. See K.H. v. State, 620 So.2d 1114 (Fla. 5th DCA 1993). Accordingly, we reverse the finding that R.C. committed burglary of a dwelling, but direct that R.C.’s adjudication of delinquency be upheld on the basis of the trespass. Finally, we remand for a new disposition hearing in accord with the finding of trespass.
Reversed and remanded.
NORTHCUTT, A.C.J., and SILBERMAN, J., Concur.

. Section 810.015, Florida Statutes (2001), nullifies Delgado v. State, 776 So.2d 233. Although that nullification operates retroactively, the legislature limited that retroactivity to February 1, 2000. The instant events took place prior thereto.