798 So.2d 4 (2001)
Pura RAMOS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2398.
District Court of Appeal of Florida, Fourth District.
August 22, 2001.
Rehearing Denied November 7, 2001.
Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.

*5 EN BANC

POLEN, C.J.
Pura Ramos timely appeals after a jury convicted her of possession of cocaine with intent to sell within one thousand feet of a child care facility. We affirm, but write to address one of the issues raised in this appeal.
Ramos was charged by information with possession of cocaine with intent to sell within one thousand feet of a child care facility. Specifically, 23.4 grams of cocaine was found in her house where she lived with her son, her husband, and an elderly man for whom she cared in the home. Because she appeared to have difficulty in understanding English, Spanish-speaking officers explained her rights to her and translated police questioning. Officer Guzman, who translated the questions, testified that Ramos confessed at the police station that the drugs were hers and she had sold some of the drugs found in the house. Specifically, Ramos explained that she would buy the drugs at random, then bring them back and sell them to others.
Officer Hermanson later testified about the weight, street value, and number of individual cocaine rocks found in each of six bags of cocaine recovered from Ramos' apartment. Before giving this testimony, Hermanson laid a predicate that he had been involved in over two thousand drug arrests and investigations predominantly involving cocaine. He had also described his extensive classroom education and other training in narcotics investigations.
Thereafter, defense counsel objected when the state asked Hermanson if the quantity of cocaine found was for personal consumption or for resale or distribution. The court then instructed the state to rephrase the question, whereupon the following examination occurred:
Q. Would you say that this is, this amount of cocaine, the number of rocks, the weight, the levelthe weight of the total number of rocks would be consistent with personal consumption?
A. No, it would not be.
At the conclusion of trial, the jury found Ramos guilty as charged. She was then sentenced to fifty months in prison. This timely appeal followed.
Ramos argues that the trial court erred by allowing Officer Hermanson to testify that the cocaine found was not consistent with personal use. To preserve an issue for appellate review, however, a contemporaneous objection must be made with sufficient specificity "to apprise the trial court of the putative error." Williams v. State, 414 So.2d 509, 511 (Fla. 1982). Here, Ramos failed to object to the state's rephrased question asking Hermanson if the cocaine found was inconsistent with personal use. Because Ramos failed to contemporaneously object, we hold that she waived this issue.
Even if this issue were not waived, however, Hermanson's testimony was permissible. "Courts have long recognized that a police officer, when properly qualified as an expert, may testify regarding whether drugs were intended for personal use or for sale, based on the amount and packaging of the drugs." Scarlett v. State, 704 So.2d 615, 616 (Fla. 4th DCA 1997); see Prescott v. State, 753 So.2d 568, 569 (Fla. 4th DCA 1998). Here, Hermanson previously testified about the packaging of the cocaine in separate bags before testifying, in response to the state's limited question, that the number and weight of the cocaine rocks was not consistent with personal consumption. Because we cannot conclude that his opinion was based exclusively on the total amount of cocaine, we hold that he did not impermissibly encroach *6 on the jury's prerogative to draw inferences from the facts and reach factual conclusions. See Lewis v. State, 754 So.2d 897, 902 (Fla. 1st DCA 2000).
In this respect, we note that Hermanson's testimony would have been inadmissible had he considered only the total weight of cocaine found without considering any other factors. See id. We also recognize, however, our prior opinion in Thomas v. State, 743 So.2d 1190 (Fla. 4th DCA 1999), where we held that "courts routinely have allowed experts to testify that a particular amount of cocaine is inconsistent with personal use in order to establish a defendant's intent to sell or distribute cocaine." Thomas, 743 So.2d at 1194. Because this statement in Thomas may be misleading, to the extent our decision today is in conflict with Thomas, we recede from Thomas.
Of the remaining points on appeal, we affirm as unpersuasive.
AFFIRMED.
DELL, GUNTHER, STONE, WARNER, KLEIN, STEVENSON, GROSS, TAYLOR and HAZOURI, JJ., concur.
FARMER, J., dissents with opinion.
SHAHOOD, J., dissents with opinion.
FARMER, J., dissenting, in which GUNTHER, J., concurs.
The initial holding in this casewith which, incidentally, I concuris that the critical issue was not preserved for review for lack of a timely objection. That holding should end the matter. Nevertheless the court proceeds to take up the case en banc only to recede from what is clearly dicta in a recent case in which we reversed a conviction for reasons apart from the dicta. Here we are even more removed from any obligation to address the dicta from which we are receding because the issue in this case is itself just as obviously dicta.[1] Personally I think this a poor occasion to take up a case en banc.
To do so is to allow the readers of our opinions to fancy that dicta represents clear holdings necessarily creating conflict. I would stick with the tried-and-true and find it necessary to harmonize holdings only as to issues that have been undeniably and necessarily reached to decide a case.[2] To use dicta to recede from dicta fosters the misimpression that judges and lawyers must parse our written opinions in the same way we analyze statutes, where every word is presumptively of equal weight.
I therefore dissent from today's opinion.
SHAHOOD, J., dissenting.
Like Judge Farmer, I concur with the majority in the initial holding in this case. The critical issue for this appeal was not preserved for appellate review in that the appellant failed to make a contemporaneous objection to Officer Hermanson's testimony and therefore, waived the issue. That should, therefore, conclude the matter.
Also, like Judge Farmer, I interpret the remainder of the opinion in this case as dicta from which we should not recede. *7 Unlike Judge Farmer however, I do not interpret the language in the case receded from as being dicta, but rather as one of the holdings of that court. In any event, I agree that this is not an appropriate case to consider.
NOTES
[1] If the issue was not preserved, why is it necessary to en banc the case to decide it?
[2] See Fleischer v. Hi-Rise Homes Inc., 536 So.2d 1101 (Fla. 4th DCA 1988) ("since the offending language was not the holding in Gordon [v. Bartlett, 452 So.2d 1077, 1078 (Fla. 4th DCA 1984)], it is not necessary to consider excising that language en banc, in order to `maintain uniformity in the court's decisions.'"). As Fleischer was an en banc decision and the quoted part is the essence of its holding, I take it that today's decision overturns the policy of restraint on the use of en banc hearings established by Fleischer.