994 So.2d 1216 (2008)
S.E.B., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5417.
District Court of Appeal of Florida, Second District.
November 14, 2008.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Dawn Elizabeth Adams, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
S.E.B. was found delinquent for committing the offenses of possession of more than twenty grams of marijuana and possession of drug paraphernalia. On appeal, she contends that the trial court erred in denying her motion for judgment of dismissal as to the paraphernalia offense and the possession of a felony amount of marijuana offense, because the State failed to establish she had constructive possession of the illegal contraband. We agree. However, as conceded by S.E.B. in her brief, because there was sufficient, competent evidence to support a conviction for the necessarily lesser-included offense of misdemeanor possession of marijuana for two partially smoked marijuana cigarettes in plain view, we remand *1217 for entry of a possession of marijuana finding and a new disposition hearing.
At trial, there was testimony that S.E.B. was a front-seat passenger in a car stopped for speeding. The trooper testified that he approached the car on the passenger side and smelled an odor of both raw and burnt marijuana coming from the car. The trooper noticed two partially smoked marijuana cigarettes in the cup holder of the center console. Thereafter, a K-9 alerted on the center console and a bag containing approximately ninety-nine grams of marijuana was found underneath the console. The car was registered to a third individual who was not in the car.
S.E.B. testified that she got a ride to Orlando with the driver so she could visit her boyfriend, but she was not aware that there was marijuana in the car. On appeal, S.E.B. contends that the trial court erred in denying her motion for judgment of dismissal, because the evidence did not establish that she was in constructive possession of the marijuana and paraphernalia underneath the console.
To establish constructive possession, the State had to prove that S.E.B. "knew of the presence of the contraband and that [she] had the ability to exercise dominion and control over it." Wagner v. State, 950 So.2d 511, 512 (Fla. 2d DCA 2007). Courts have consistently held that where contraband is found in such places as a console or glove compartment, there must be independent proof of the suspect's knowledge of the contraband and their ability to control it. In Manning v. State, 355 So.2d 166, 166 (Fla. 4th DCA 1978), the appellant was in the driver's seat and the vehicle had four other passengers. The Fourth District held that the appellant could not be convicted of actual or constructive possession of marijuana found in an unlocked center console. Similar to the present case, in Manning, 355 So.2d at 166, the court noted that there was no evidence that the appellant knew the marijuana was in the center console. See A.C. v. State, 658 So.2d 1173, 1174 (Fla. 2d DCA 1995) ("If the contraband is found in a vehicle over which the accused has joint possession, the accused's knowledge of the presence of the contraband and his ability to control it will not be inferred from ownership or possession of the vehicle but must be established by independent proof."); see also K.A.K. v. State, 885 So.2d 405, 407 (Fla. 2d DCA 2004) (concluding that appellant, the driver, was not in constructive possession of paraphernalia where it was found in open glove box and there were three other passengers in the car); Green v. State, 667 So.2d 208, 211 (Fla. 2d DCA 1995) (holding that evidence was insufficient to prove appellant was in constructive possession of cocaine found in a compartment above the glove box, where appellant was driving a rental car and there was one other passenger in the car); Hively v. State, 336 So.2d 127, 129 (Fla. 4th DCA 1976) (determining that State did not prove constructive possession where a bag of marijuana was found on the floor in front of the driver's seat and the car had an odor of marijuana). Here, the State did not establish that S.E.B. was in constructive possession of the marijuana and paraphernalia underneath the console because there was no independent evidence of her knowledge of, or her ability to control, those items. Therefore, the trial court erred in denying S.E.B.'s motion for judgment of dismissal as to the paraphernalia and felony marijuana offenses.
Accordingly, we reverse the finding that S.E.B. committed the offenses of possession of paraphernalia and possession of more than twenty grams of marijuana, but direct that her adjudication of delinquency be upheld on the basis of possession of marijuana. We remand with instructions that the trial court conduct a new disposition hearing in accord with the finding of *1218 possession of marijuana. See R.C. v. State, 793 So.2d 1078, 1079 (Fla. 2d DCA 2001).
Reversed and remanded.
FULMER and LaROSE, JJ., Concur.