443 So.2d 1087 (1984)
James GIDDENS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-53.
District Court of Appeal of Florida, Second District.
January 25, 1984.
Dennis J. Rehak, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Diane Barrs, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, James Albert Giddens, has appealed the judgment and sentence entered *1088 against him pursuant to a jury verdict finding him guilty of possession of methaqualone in violation of section 893.13(1)(e), Florida Statutes (1981). We agree with the appellant's contention that the trial court erred in denying his motion for a judgment of acquittal and accordingly reverse.
This case arose out of the execution of a search warrant by officers of the Fort Myers Police Department in cooperation with deputies from the Lee County Sheriff's Department. At the time the warrant was executed, seven or eight people were present in the residence. The appellant and two other males were sitting in the living room, the appellant's wife was in the southwest bedroom, and the others were scattered throughout the house. During the execution of the warrant, it was ascertained that the appellant claimed to live in the middle bedroom. Women's clothing was discovered in the southwest bedroom.
The search resulted in the seizure of seven methaqualone tablets which had been concealed under a bathtub, ninety-six methaqualone tablets found outside the residence under a pushed out screen of the southwest bedroom window, and three plastic baggies of cannabis concealed in a box located in a storage room. Three sets of scales, one containing cannabis residue, were also seized.
The appellant was charged with unlawful possession of methaqualone and with unlawful sale or delivery of cannabis. At the conclusion of the state's case in chief, the trial court entered a judgment of acquittal on the charge of unlawful sale or delivery of cannabis. The jury found the appellant guilty of unlawful possession of methaqualone. He was subsequently adjudged guilty and sentenced to serve five years in state prison and pay a $5000 fine. This appeal timely followed.
Since the appellant did not physically possess the methaqualone, the propriety of his conviction must be considered upon the basis of constructive possession. Constructive possession exists when a person has knowledge of the presence of a controlled substance on his premises and has the ability to maintain control over it. Hall v. State, 382 So.2d 742 (Fla. 2d DCA 1980); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
If the premises on which a controlled substance is found is in the exclusive possession and control of the accused, knowledge of the presence of that controlled substance on the premises coupled with the ability to maintain control over it may be inferred. Frank.
However, if the premises on which the controlled substance is found is not in the exclusive but in the joint possession of the accused, knowledge of the presence of the substance and the ability to maintain control over it will not be inferred, but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge. Frank.
In the case sub judice, the state did not present sufficient evidence to prove exclusive possession of the premises by the appellant, and accordingly, knowledge and ability to maintain control cannot be inferred.
The fact that an accused has been or is present in a place where a controlled substance is found, is not sufficient proof that he is in possession of the drug where he is not in exclusive possession of the place. Arant v. State, 256 So.2d 515 (Fla. 1st DCA 1972).
Although there was evidence that the appellant occupied the residence and slept in the middle bedroom, there was also evidence that a woman resided in the house. In addition, at the time the search warrant was executed, there were several other people present in the residence. The methaqualone found were not in plain view nor were they in the room the state proved was occupied by the appellant.
*1089 Therefore, since the state did not prove the premises were in the exclusive possession of the appellant and failed to present other evidence sufficient to establish actual knowledge by the appellant, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge of the drugs on the premises, the court erred in denying the appellant's motion for judgment of acquittal.
REVERSED and REMANDED with instructions to discharge the appellant on this charge.
RYDER, A.C.J., and DANAHY, J., concur.