THREADGILL, Judge.
The state seeks review of the trial court’s order granting Griffin’s motion to *1088 dismiss a charge of possession of cocaine pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). We reverse.
The motion alleged that the cocaine was found in a hotel room which had been rented by someone other than Griffin and that two other guests had been allowed to leave the room uncharged. The motion also alleged that, although Griffin was in joint occupancy of the room, there was no evidence of cocaine on his person or of his knowledge of the presence of cocaine in the room. The state traversed the motion alleging that the cocaine was in plain view.
At the hearing on the motion, the following evidence was presented. Ronald Grace, co-owner of the hotel, had requested police assistance with the occupants of the room for a disturbance and an unpaid phone bill. Mr. Pete had registered for the room, but four people, including Griffin, were staying in the room. Officer Flint responded to the call and was informed by Grace that Griffin had run up the unpaid phone bill. Upon entering the room, Officer Flint observed items of drug paraphernalia, including two plastic baggies with the comers trimmed off, cocaine residue, two or three razor blades, and a metal item used to keep rock cocaine. Four people, including Griffin, and an infant were in the room when Flint entered. Griffin stated he had been living in the room. The court granted the motion to dismiss. The state appealed.
An accused may be convicted of possession of a controlled substance under the theory of “constructive possession” where drugs are found on the premises in the joint possession of the accused and the accused has knowledge of the presence of the substance and the ability to maintain control over it. Giddens v. State, 443 So.2d 1087 (Fla. 2d DCA 1984). Such facts will not be inferred, but must be established by proof consisting either of evidence establishing actual knowledge by the accused or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge. Giddens; Taylor v. State, 319 So.2d 114 (Fla. 2d DCA 1975); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
The state’s traverse stating that cocaine residue was in plain view, together with incriminating statements by Griffin, raise the issue of Griffin’s knowledge of the presence of the drug and his ability to control it. These were ultimate facts which cannot be appropriately resolved by a motion to dismiss. Cummings v. State, 378 So.2d 879 (Fla. 1st DCA 1979).
The order of dismissal is reversed and the cause remanded for further proceedings.
Reversed and remanded.
HALL, A.C.J., and UPCHURCH, Jr., FRANK D., Associate Judge, concur.