711 So.2d 563 (1997)
Humberto LOPEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01090.
District Court of Appeal of Florida, Second District.
December 31, 1997.
*564 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Humberto Lopez challenges his conviction and sentence for trafficking in cocaine. We reject Lopez's first two arguments, but we agree that the trial court should have granted his motion for judgment of acquittal as to cocaine found in his home.
Working with a confidential informant, Hillsborough County Sheriff's officers arrested Lopez after they detained him in a parking lot and found an envelope containing 64 grams of cocaine in the glove compartment of his car. The officers later went to Lopez's home, where his wife permitted them to search. The officers found another 415 grams of cocaine in a bedroom closet. Lopez was charged with cocaine trafficking, tried before a jury, and convicted.
Lopez first contends that during his trial the court failed to conduct an adequate hearing on the State's failure to produce a certified copy of Lopez's vehicle registration application during pretrial discovery. See Richardson v. State, 246 So.2d 771 (Fla. 1971). Over Lopez's objection, the State introduced this document as part of its proof of Lopez's constructive possession of the cocaine found in the car. A discovery violation can be deemed harmless error even where the trial court has failed to conduct an adequate Richardson hearing. See State v. Schopp, 653 So.2d 1016 (Fla.1995). The record in this case reflects that during testimony at a pretrial hearing on Lopez's motion to suppress, Lopez and his counsel were apprised that the State had proof of Lopez's registered ownership of the vehicle in question. We conclude that there is no reasonable possibility that Lopez's trial preparation or strategy would have been materially different had the discovery violation not occurred. Therefore, any inadequacy in the trial court's Richardson inquiry was harmless error. Schopp, 653 So.2d at 1020-21.
We also affirm the trial court's order overruling Lopez's objection to a detective's testimony about the actions of the confidential informant. Lopez objected on hearsay grounds and on the ground that the detective's comment that the informant was reliable unfairly bolstered the informant's credibility. But the informant did not testify, and neither the detective nor any other witness related any information that had been furnished by the informant. The detective merely recounted what he had instructed the informant to do, and then described what he had observed the informant do thereafter. That simply was not hearsay.
As to the other ground for Lopez's objection, the informant's credibility vel non played no role in the conviction. The State based its case on evidence of Lopez's constructive possession of the cocaine found in the vehicle and the bedroom closet; it did not rely on testimony by the informant or on any information furnished by him. See State v. Baird, 572 So.2d 904 (Fla.1990). Further, the detective's testimony about the informant was not a feature of the trial and was not again brought to the jury's attention. Any error in this regard was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We conclude, however, that the trial court should have granted Lopez's motion for judgment of acquittal as to the cocaine found in his home. The officers discovered the cocaine and several other items within a closed sports bag on a shelf in a bedroom closet. Lopez and his wife shared the closet; each had clothing in it. None of the items found in the bag linked Lopez to it. The State presented no evidence that Lopez's fingerprints had been found on the bag or on any of its contents. Several pieces of Lopez's identification were located on the shelf near the sports bag, but they were in a separate plastic storage box which also held identification belonging to Lopez's wife and children.
*565 "Constructive possession exists where the accused, without physical possession of the controlled substance, knows of its presence on or about the premises and has the ability to maintain control over the controlled substance." See Agee v. State, 522 So.2d 1044, 1045-46 (Fla. 2d DCA 1988). "To establish constructive possession, the state must show that the accused had dominion and control over the contraband, knew of its presence, and was aware of the illicit nature of the contraband." 522 So.2d at 1046 (citations omitted). "Mere proximity to the contraband, without more, is legally insufficient to prove possession." 522 So.2d at 1046 (citation omitted).
Proof of an accused's occupancy of property is enough to establish his constructive possession of contraband found there if, and only if, his occupancy is exclusive. See Thompson v. State, 375 So.2d 633 (Fla. 4th DCA 1979). But if the accused shares occupancy of premises with another, his knowledge of the contraband's presence and his ability to maintain control over it will not be inferred, but must be established by proof. Such may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements and circumstances from which a jury might lawfully infer his knowledge. See Giddens v. State, 443 So.2d 1087, 1089 (Fla. 2d DCA 1984).
Here, there was no such proof. Neither Lopez's joint occupancy of the residence nor his possession of the cocaine found in his vehicle were sufficient to establish his constructive possession of the cocaine in the closet. See Smith v. State, 279 So.2d 27 (Fla.1973) (the accused's status as head of the household did not support inference that he knew of presence of contraband found in a dresser drawer in a bedroom jointly occupied by the accused and his wife); Allen v. State, 622 So.2d 526 (Fla. 2d DCA 1993) (accused's possession of a small quantity of a controlled substance in his pocket was insufficient to show that he had knowledge of other controlled substances in the bedroom that he shared with another). There being no other evidence connecting Lopez to the cocaine found in the closet, he was entitled to a judgment of acquittal in its regard.
Based on the contraband found in Lopez's automobile, the evidence was sufficient to convict him of the first degree felony offense of trafficking in cocaine pursuant to section 893.135(1)(b), Florida Statutes (1995). But Lopez was prejudiced by the inclusion in his conviction of the additional cocaine found in the closet, because the potential penalties for the offense are stratified according to the quantities involved. Based on his conviction of trafficking in more than 400 grams of cocaine, Lopez was sentenced to a fifteen-year mandatory minimum prison term and fined $250,000, both as required by section 893.135(1)(b)1.c. If properly convicted of trafficking only in the 64 grams of cocaine found in his car, Lopez would have been subject to a guidelines sentence with no mandatory minimum prison term, and a fine of $50,000. Section 893.135(1)(b)1.a., Fla. Stat. (1995).
Therefore, we remand with directions to amend the final judgment to reflect a conviction for trafficking in cocaine in violation of section 893.135(1)(b)1.a., and to resentence Lopez accordingly.
Affirmed in part, reversed in part and remanded for further proceedings.
SCHOONOVER, A.C.J., and QUINCE, J., concur.