FRANK, Acting Chief Judge.
K.D.G. seeks review of his adjudication of delinquency for possessing cannabis and *282 drug paraphernalia. He contends that the trial court erred in denying his motion for acquittal. We agree and reverse the adjudication of delinquency.
The evidence at trial established that Officer Turner of the Tampa Police Department initially approached a parked car on a roadway with its hood up and no lights at night. He noticed two black males sleeping inside the car. K.D.G. was in the driver’s seat. Officer Cruegar spoke to the passenger and then observed an object wrapped in newspaper that was halfway under KD.G.’s seat. When Officer Cruegar asked K.D.G. what the object was, K.D.G. said he did not know. When Officer Cruegar asked if he could see the object, K.D.G. said “sure” and handed it to him. Officer Cruegar could not tell what the object was until he unwrapped it and found a water pipe with a residue and odor of marijuana. The officers searched the vehicle and found marijuana in the ash tray. Officer Turner testified that K.D.G. said that the pipe and marijuana were not his, that he had just purchased the car earlier that day and nothing in the ear was his. Officer Cruegar testified that K.D.G. made no statement admitting to ownership of the items.
The motion for acquittal should have been granted because K.D.G. had nonexclusive constructive possession of the automobile and the State failed to present any evidence to establish K.D.G.’s knowledge of the nature of the contraband.
[T]he State can make out a prima facie case of knowledge by proof of actual or exclusive constructive possession, but proof of nonexclusive constructive possession alone is insufficient to justify an implication of knowledge. In the latter situation, the State must present some corroborating evidence of knowledge to establish a prima facie case.
Chicone v. State, 684 So.2d 736, 740 (Fla.1996).
“In the case of a jointly-occupied vehicle, knowledge and ability to control the contraband may not be inferred, but must be established by independent proof.” E.A.M. v. State, 684 So.2d 283, 284 (Fla. 2d DCA 1996). “This proof must consist either of evidence of actual knowledge of the contraband’s presence or evidence of incriminating statements and circumstances from which the jury reasonably might infer the accused’s actual knowledge of the presence of the contraband.” A.C. v. State, 658 So.2d 1173, 1174 (Fla. 2d DCA 1995).
Because the State failed to present the essential evidence, we reverse.
CASANUEVA, J., concurs.
THREADGILL, J., dissents with opinion.