SCHEB, JOHN M., (Senior) Judge.
Kelvin M. McKinney challenges his conviction and sentence for trafficking in cocaine. We reverse and remand for entry of a judgment of conviction for possession of cocaine and for resentencing.
The State’s information charged McKinney with trafficking in cocaine, a violation of section 893.135, Florida Statutes (1997). A jury found him guilty as charged. The trial court adjudicated him guilty, sen *751 tenced him to five years in prison, and imposed a $ 50,000 statutory lien.
On the evening of September 30, 1997, Officer George Loughton and other officers from the St. Petersburg Police Department arrived at a house on 12th Avenue South in St. Petersburg where McKinney lived. The officers had received information that McKinney was in possession of contraband. Officer Lough-ton, who had a photo of McKinney, first approached the middle of the west side of the residence and peered through a window where the blinds had an opening of four to five inches. A light in the house enabled him to see a male, whom he identified as McKinney, sitting by the window and examining the contents of a baggie. The contents filled the palm of McKinney’s hand with what appeared to the officer to be crack cocaine.
Officer Loughton, accompanied by Officers Tina Zwirn and Dale Moushon, then went to the front door of the residence. An individual named Clifton Jordan answered the door and gave the officers permission to enter and look for McKinney. Inside, the officers observed a large living room and three bedrooms. The north and south bedrooms each contained beds; the middle bedroom, into which Officer Lough-ton had peered, did not. There were items of men’s clothing in all three bedrooms. In addition, some baby clothes were found in the house.
Officer Moushon began to search the south bedroom looking for McKinney. There he discovered an open Pringle’s can on top of the television set. There was a baggie of cocaine powder and a baggie containing crack cocaine inside the can. Officer Loughton inspected the room but was unable to identify any personal belongings of McKinney.
Meanwhile, Officer Zwirn searched the north bedroom and found a baggie of crack cocaine in a pair of athletic running shorts in a laundry basket. Detective Frank Williams appeared on the scene, found McKinney in custody, and read him his Miranda rights. McKinney acknowledged that he lived in the north bedroom and admitted that anything in that room belonged to him. But he explained that others stayed in the house and that the things in the other rooms did not belong to him.
The record is somewhat confusing as to the various amounts of other cocaine found. The cocaine found in McKinney’s bedroom weighed between 11 and 13 grams. Two other quantities were tested, the 10.6 grams of cocaine powder found in the Pringle’s can, and another 26.4 grams of crack cocaine also discovered in the Pringle’s can, both in the south bedroom. McKinney’s fingerprints were not found on the baggies of cocaine or on the Pringle’s can, and there was no evidence that McKinney occupied or exercised control over that bedroom.
McKinney moved for a judgment of acquittal as to the trafficking charge. He conceded the amount of cocaine found in his bedroom, but contended the State did not establish that he had constructive possession of the other contraband the officers seized. The trial court denied the motion, after which the defense rested without presenting any evidence, and the jury found McKinney guilty of trafficking.
McKinney argues that he did not constructively possess the powder cocaine and crack cocaine in the Pringle’s can located in the south bedroom. The State responds by arguing that the baggie McKinney was allegedly holding in the middle bedroom was the same baggie containing 26.4 grams of crack cocaine that was discovered in the Pringle’s can in the south bedroom. Thus, the State posits that, when combined with the 11 to 13 grams found in McKinney’s bedroom, the cocaine seized exceeded the 28 grams necessary to sustain McKinney’s conviction for trafficking.
It is fundamental that to establish that the accused was in constructive possession of contraband the State must show *752 the accused knew of its presence, was aware of its illicit nature, and had dominion and control over the contraband. See Lopez v. State, 711 So.2d 563 (Fla. 2d DCA 1997).
The State’s argument that McKinney was in constructive possession of the cocaine found in the south bedroom is not convincing. The State did not establish whether Clifton Jordan, who was present and granted the officers permission to enter, lived in the residence; however, there were indications that led Detective Williams to conclude that individuals besides McKinney probably occupied the house. None of McKinney’s belongings were in the south bedroom. Indeed, the State’s photographic exhibits corroborate the supposition that someone other than McKinney occupied that bedroom where the cocaine powder and crack cocaine were found in the Pringle’s can. There were children’s clothes in the house, and photographs revealed a dresser, a “sippie” cup for a child, a loose audiotape, a bottle of water, a cocoa butter container, and a toothpaste carton in that bedroom.
Officer Loughton did not know if the baggie of suspected crack cocaine that he observed McKinney holding was ever recovered or whether it was the 11- to 13-gram baggie or the 26.4-gram baggie. It would require considerable speculation to conclude that McKinney had placed the items that the officer first believed to be crack cocaine into the Pringle’s can or that McKinney had control over those items in the bedroom apparently occupied by someone else.
In arguing the motion for a judgment of acquittal, counsel stated that McKinney “freely admitted to the minor amount of cocaine that was found in his bedroom.” Thus, McKinney did not preserve any error that he was not in possession of the 11 to 13 grams of cocaine found in his bedroom. See Green v. State, 711 So.2d 69 (Fla. 4th DCA 1998) (to preserve an issue for appeal the specific legal argument or ground on which it is based must be presented to the trial court). Indeed, while he vigorously contested the trafficking charge, in his closing argument McKinney’s counsel suggested to the jury that a conviction of possession of a small amount of cocaine was in order. We do, however, find merit in McKinney’s argument that the evidence does not reveal that he was in actual or constructive possession of the remaining contraband found in the house. Therefore, the evidence does not support the conviction for trafficking. We have examined and reject other points raised by McKinney.
Accordingly, we vacate McKinney’s conviction and sentence for trafficking. We remand for entry of a judgment of conviction for possession of cocaine and for re-sentencing.
FULMER, A.C.J., and SALCINES, J., Concur.