793 So.2d 83 (2001)
Jack DOWNARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2702.
District Court of Appeal of Florida, Second District.
August 10, 2001.
James Marion Moorman, Public Defender, and Anthony C. Musto, Assistant Public Defender, Bartow, for Appellant.
*84 Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Jack Downard appeals four convictions. We reject his challenges to his convictions for trespass and felony petit theft but reverse his convictions for possession of cocaine and possession of drug paraphernalia.
In the evening of October 27, 1999, a night manager of a Kash n' Karry store in Hillsborough County observed Mr. Downard enter the store. Later, immediately after he heard a sensormatic machine[1] trigger and sound an alarm, the manager saw Mr. Downard run from the store, enter a Ford automobile, and leave the store parking lot along with a female passenger. The store manager then called the police and reported a theft of several packages of meat. An officer issued a BOLO[2] and, within a short time and only a short distance from the store, Officer Scott Worton stopped the Ford carrying Mr. Downard and his female passenger.
In response to Officer Worton's request for identification, Mr. Downard gave the false name of John Malcolm. When no driving record turned up on the computer for that name, the officer returned to the Ford and asked Mr. Downard to verify the information. At that time the officer noticed packages of meat on the passenger side of the floorboard. Meanwhile, the Kash n' Karry manager had arrived at the scene and identified the meat as Kash n' Karry merchandise and Mr. Downard as the suspected thief.
A subsequent search of the vehicle revealed two illegal items: a piece of crack cocaine in the front console area, only four inches from the driver's seat in a location easily accessible to driver or passenger; and a small white bottle that had been converted into a crack pipe, in an unspecified location next to the driver's seat. Mr. Downard was charged with possession of cocaine and of paraphernalia.
Where, as here, the State is unable to offer proof of actual possession, it must prove constructive possession of contraband. Isaac v. State, 730 So.2d 757, 758 (Fla. 2d DCA 1999). "A defendant will be deemed guilty of constructive possession of drugs when it can be shown that the defendant was able to exercise dominion and control over the drugs, knew of their presence, and knew of their illicit nature." Davis v. State, 761 So.2d 1154, 1157 (Fla. 2d DCA 2000).
Although both the crack cocaine and the pipe were found relatively near Mr. Downard, proximity alone will not sustain a constructive possession conviction. Id.; Lopez v. State, 711 So.2d 563 (Fla. 2d DCA 1997). No other evidence, including fingerprints, linked Mr. Downard to either the crack pipe or the cocaine. This court has held in numerous cases that "[i]n the case of a jointly-occupied vehicle, knowledge and ability to control the contraband may not be inferred, but must be established by independent proof." E.A.M. v. State, 684 So.2d 283, 284 (Fla. 2d DCA 1996); see also Cruz v. State, 744 So.2d 568 (Fla. 2d DCA 1999); K.D.G. v. State, 720 So.2d 281 (Fla. 2d DCA 1998); Green v. State, 667 So.2d 208 (Fla. 2d DCA 1995). As in E.A.M., Cruz, K.D.G., and Green, the State failed to present independent *85 proof that the defendant knew of the presence of the drugs or their illicit nature, or that he had the ability to control the drugs; as in all of those cases, the convictions cannot stand.
Affirmed in part; reversed in part; and remanded for new sentencing at which Mr. Downard should be present.
WHATLEY, A.C.J., and GREEN, J., Concur.
NOTES
[1] A sensormatic machine is a device that plays a recorded message indicating that merchandise bearing a sensor is being removed from a store.
[2] "Be on the lookout."