CASANUEVA, Judge.
D.M.C., who was a passenger in a car in which marijuana was found, appeals his juvenile adjudication on two counts of possession of contraband, contending that the evidence did not support a finding of con- *576 struetive possession. We agree and reverse.
The bulk of the State’s case against D.M.C. consisted of the testimony of the arresting deputy, Hillsborough County Sheriffs Deputy Andrea Wolford. She recounted that while on patrol in the early morning hours she observed two young men attempting to change a flat tire on a two-door, four-passenger Honda Prelude located in a public parking lot that was not well lit. The deputy approached them with an offer to help by providing better light with her flashlight while they worked. The deputy observed that although they were friendly, they also appeared nervous and acted suspiciously. D.M.C. constantly looked toward the car and placed himself between the deputy and the car whenever she changed position. When she asked them for identification, the driver produced his driver’s license. Apparently, however, D.M.C. did not have any identification on him, although the deputy testified that he looked for it in the glove box and the passenger’s door pouch. While at the car, the deputy could smell an odd odor that she could not specifically identify but suspected was marijuana. In the pocket or panel of the open driver’s door, she observed two large buds of marijuana in plain view, which she seized. She then arrested the driver and searched the interior of the car.
In searching the car, the deputy found a large quantity of marijuana seeds in a bag in the pocket on the rear side of the front passenger seat. In the pocket behind the driver’s seat she found a large ziplock bag containing a scale, loose marijuana, and individual baggies of marijuana. In the passenger’s door pocket, which she described as an envelope-type pouch whose top made a popping sound, she found three to four baggies of marijuana. She testified that because this was a small car each of these items was within arm’s reach of the driver’s or passenger’s seat. Based on her search, she also arrested D.M.C.
Following the denial of his motion for judgment of dismissal pursuant to Florida Rule of Juvenile Procedure 8.110(k) at the close of the State’s case, D.M.C. testified that he was receiving a ride home and had been in the car for about thirty minutes. The car belonged to the driver, and D.M.C. disclaimed any knowledge of contraband in the car. D.M.C. contradicted the deputy by saying that he never went into the car to search for his identification because he knew he did not have any with him.
Following the close of all the evidence, D.M.C. again moved for a judgment of dismissal arguing that the State failed to present a prima facie case of possession of marijuana and paraphernalia. The trial court again denied the motion. The trial court then adjudicated D.M.C. delinquent for possessing drug paraphernalia and more than twenty grams of marijuana and imposed probation and other sanctions.
Despite the State’s argument to the trial judge that this was a case of actual possession, the trial judge properly viewed the issue as constructive possession. A defendant will be found guilty of constructively. possessing drugs or drug paraphernalia when the State proves beyond a reasonable doubt that the defendant knew of their presence, was able to exercise dominion and control over them, and knew of their illicit nature. Smith v. State, 687 So.2d 875 (Fla. 2d DCA 1997). This court has further held that the defendant’s mere proximity to the illegal drugs is insufficient to sustain a conviction. Downard v. State, 793 So.2d 83 (Fla. 2d DCA 2001) (holding that in jointly occupied vehicle proximity to contraband alone cannot sustain a constructive possession conviction); see also Davis v. State, 761 So.2d 1154 (Fla. 2d *577 DCA 2000) (holding that evidence of only proximity to the drugs in a public area was insufficient to convict under a constructive possession theory); Lopez v. State, 711 So.2d 563 (Fla. 2d DCA 1997) (holding that evidence of drugs found in the defendant’s and his wife’s jointly occupied closet was insufficient to prove constructive possession). This is another such case.
To support D.M.C.’s adjudication for possessing paraphernalia, the State presented evidence that the scale was within arm’s reach of the front passenger seat, concealed from view in the pouch or pocket behind the driver’s seat. No fingerprints or other testimony further linked D.M.C. to the scale. To support the adjudication for possession of marijuana, the State presented evidence of the marijuana in the passenger’s door pouch, the marijuana found with the scale in the pouch behind the driver’s seat, and the bag of marijuana seeds in the pouch on the back of the front passenger’s seat. The State also established, through the deputy’s testimony, that D.M.C. was outside the vehicle at all times except when he went looking for his identification.
We analyze first the evidence used to prove the possession of paraphernalia charge. In doing so, we review the evidence adduced by the State in its casein-chief. To sustain D.M.C.’s adjudication for possessing the scale under a constructive possession theory, it must be inferred that D.M.C. was seated in the car earlier that evening, so he would have been within arm’s reach of the pouch behind the driver’s seat. We consider this a permissible inference given the scene the deputy described when she came upon the two in the parking lot. The scale was concealed from sight, so the court could not reasonably infer that D.M.C. saw the scale while he was seated in his friend’s car. This evidence and the one permissible inference to be drawn from it circumstantially establish, at best, only proximity, which is insufficient to establish guilt, especially in a jointly occupied vehicle in which the defendant was only a guest. Further impermissible inferences from the evidence must be drawn before the ability to establish dominion and control can be established. Even when considered in a light most favorable to the State, the evidence is insufficient for two reasons. First, because the finder of fact must draw two or more inferences regarding the existence of the criminal act of possession, an impermissible pyramiding of inferences is required, and the evidence is thus insufficient to prove the crime. See Davis, 761 So.2d at 1158 (citing Green v. State, 667 So.2d 208, 212 (Fla. 2d DCA 1995) (quoting I.F.T. v. State, 629 So.2d 179, 180 (Fla. 2d DCA 1993))). Second, proximity alone is insufficient to prove constructive possession. Downard, 793 So.2d at 84. Because this evidence is insufficient to support the charge, we reverse D.M.C.’s adjudication for possession of drug paraphernalia and remand for an order granting his motion for judgment of dismissal on this count.
We next address whether the State’s evidence was sufficient to establish that D.M.C. constructively possessed the marijuana found in the car. The above analysis and conclusion that the evidence was insufficient to sustain the possession of paraphernalia charge are equally applicable to the marijuana found with the scale behind the driver’s seat and the bag of marijuana seeds found in the pouch on the back of the front passenger’s seat. This leaves for determination the three to four baggies of marijuana found in the pouch of the passenger’s door. The only proof offered on this point is the permissible inference that D.M.C. was previously in proximity to this marijuana when he was seated in the car and that he looked *578 into the door pouch and the glove box for his identification, which he never located or produced. This evidence is inadequate to prove knowledge of the presence of the contraband or the ability to exercise dominion and control over it. We also note that D.M.C. made no incriminating statement and there was no other circumstance from which his ability to exercise control over the drugs could be inferred. See Lopez, 711 So.2d at 565; Cruz v. State, 744 So.2d 568 (Fla. 2d DCA 1999); K.D.G. v. State, 720 So.2d 281 (Fla. 2d DCA 1998); Green, 667 So.2d 208; E.A.M. v. State, 684 So.2d 283 (Fla. 2d DCA 1996); Giddens v. State, 443 So.2d 1087 (Fla. 2d DCA 1984).
In CM. v. State, 818 So.2d 554 (Fla. 2d DCA 2002), we stated:
We maintain the position that in some cases a defendant’s knowledge of contraband may be inferred from circumstantial evidence. However, we have consistently required more circumstantial proof of knowledge than was presented in the present case. See, e.g., Downard v. State, 793 So.2d 83 (Fla. 2d DCA 2001) (reversing conviction for cocaine possession where State failed to present evidence linking the defendant to cocaine -found “only four inches” from the driver’s seat in jointly-occupied vehicle driven by the defendant); Cruz v. State, 744 So.2d 568 (Fla. 2d DCA 1999) (reversing conviction for possession of cocaine — pipe residue — where crack pipe was found four or five inches from the gas pedal of the car the defendant was driving because it was also occupied by a passenger). These cases make clear that the element of knowledge may not be circumstantially established by the defendant’s proximity to the contraband. The presence of marijuana smoke has likewise been deemed insufficient proof of the knowledge element of constructive possession in a group setting.
CM., 818 So.2d at 555-56. Here, the only evidence to support D.M.C.’s possession is proximity. Such evidence is insufficient as a matter of law to sustain a determination of guilt.
We recently reviewed similar constructive possession facts in Hanania v. State, 855 So.2d 92 (Fla. 2d DCA 2003), a revocation of probation case where the State had only to meet the lesser preponderance standard of proof. In Hanania, after a valid traffic stop of a car in which the defendant was a passenger getting a ride home, a drug dog alerted on the car. Upon searching, the officer found a Manila envelope containing methamphetamine between the passenger’s seat and the center console, a scale in a recess under the stereo in the dashboard, empty baggies in a cloth bag in the center console, and an envelope addressed to the driver and owner of the vehicle containing marijuana under the passenger’s seat. We held that all of this was insufficient to support a revocation of the passenger’s probation based on constructive possession of drugs. Here, the State similarly failed in its attempt to provide sufficient proof beyond a reasonable doubt that D.M.C. constructively possessed the marijuana found in his friend’s car. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981) (citing Burks v. United States, 437 U.S. 1, 16 n. 10, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)).
Adjudication of delinquency reversed; remanded with instructions to enter a judgment of dismissal on both counts.
FULMER and NORTHCUTT, JJ., concur.