885 So.2d 405 (2004)
K.A.K., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4898.
District Court of Appeal of Florida, Second District.
October 15, 2004.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
K.A.K., a seventeen-year-old juvenile, challenges an adjudication of delinquency for possession of drug paraphernalia. Finding merit in her contention that there was insufficient evidence to support the *406 legal determination of constructive possession, we reverse.
K.A.K., driving her Dodge Neon with three friends, was involved in a serious motor vehicle accident. When Hillsborough County Sheriff's Deputy Brian Noland arrived to aid in the accident investigation, the driver's side door was open. K.A.K. admitted to him that although the car belonged to her mother, it was basically for her use. Looking into the car through the open driver's door, Deputy Noland saw a glass or ceramic item on the floorboard of the driver's side and, being experienced in the field, immediately recognized it as the type of pipe often used to smoke illegal substances. The deputy informed K.A.K. that based on the glass pipe he saw on the floorboard he had probable cause to search the entire car. His search revealed a green, leafy substance scattered all about on the driver's floorboard and in the driver's seat. He obtained some of this green, leafy substance but did not perform any chemical test on it. He observed, however, that it appeared to be marijuana. He also found a box containing cigarette rolling papers and a pair of scissor-type tweezers in the open glove compartment. The tip of the tweezers appeared to have a burnt substance on its edge.
Ultimately, a juvenile petition charged K.A.K. with one count of first-degree misdemeanor possession of cannabis (less than twenty grams) and one count of first-degree misdemeanor possession of drug paraphernalia, i.e., the glass pipe, the tweezers, and the rolling papers.[1] At K.A.K.'s adjudicatory hearing, the deputy, the State's only witness, testified as outlined above.
K.A.K. was the only other witness to testify at the hearing. She said her three passengers received varying degrees of injury, the front of the car was badly smashed, the windshield was shattered, and the loose items inside the car flew around. The accident totaled her car. On cross-examination, she claimed that prior to the accident, no one had out any marijuana, glass pipe, rolling papers, or tweezers. Further, she did not see any of those items before getting into the car. The glove compartment was closed prior to the accident but open at the time the deputy arrived, and she assumed it opened upon the impact of the accident. She did not suspect that any of her friends would try to get her into trouble. After they arrived at the scene, the police ordered everyone to exit the car. On redirect she disclaimed any knowledge or ownership of the items prior to the accident, and she had no knowledge of anyone in her car having any of the items before the deputy pointed them out to her. She had not looked inside the glove compartment earlier and had no idea what was in there. Upon questioning by the trial court, she admitted the vehicle was for her exclusive use, no one else had driven it during the previous twenty-four hours, and although she was driving at the time of the accident, she did not recall if she had driven it during the previous twenty-four hours; she said she probably had driven it earlier that day but was not sure.
The trial court found that the State had failed to prove beyond a reasonable doubt that K.A.K. possessed the marijuana or the glass pipe. But the trial court adjudicated her delinquent for possession of the other paraphernalia-the tweezers and the rolling papers found in the glove compartment-based on constructive possession of those items.
*407 We hold, as a matter of law, that the State failed to present a prima facie case of possession of the alleged drug paraphernalia. And although K.A.K. presents a meritorious argument that the State also failed to prove that the items were, in fact, drug paraphernalia, i.e., that they were being used for illegal rather than innocent purposes, we do not need to reach that issue as the State failed in its initial proof of constructive possession.
In a case of constructive possession, the State must prove beyond a reasonable doubt that the defendant knew of the presence of the illegal items, was able to exercise dominion and control over them, and knew of their illicit nature. Smith v. State, 687 So.2d 875 (Fla. 2d DCA 1997). A defendant's mere proximity to the illegal items is insufficient to sustain a conviction. Downard v. State, 793 So.2d 83 (Fla. 2d DCA 2001) (holding that in a jointly-occupied vehicle proximity to contraband alone cannot sustain a constructive possession conviction). We cannot distinguish K.A.K.'s case from a very similar recent case in this court, D.M.C. v. State, 869 So.2d 575 (Fla. 2d DCA 2003).
In D.M.C., the defendant was the only passenger in a small car driven by an acquaintance and was seated in the front. Upon search of the vehicle, a law enforcement officer found a scale and marijuana concealed from view in the pouch on the back of the driver's seat and baggies of marijuana in the front passenger's door pouch. D.M.C. had gone into the front passenger's door pouch to retrieve identification which he failed to find there. The officer also found a bag of marijuana seeds in the pouch on the back of the front passenger seat. We reversed an adjudication of possession of drug paraphernalia and marijuana because the State had failed to prove knowledge of the presence of the contraband or ability to exercise dominion and control over it. Id. at 578. All the State had proven was mere proximity.
The only difference between K.A.K.'s case and that of the defendant in D.M.C. is that K.A.K. is the ostensible owner and driver of the jointly-occupied car in which the contraband was found in proximity to all the occupants. As K.A.K.'s small car was jointly-occupied, the open glove compartment was accessible to each occupant before and after the accident. The small distinction between D.M.C. and K.A.K.'s case is further eroded by the fact that Deputy Noland did not immediately arrive at the scene to find the incriminating items; during that lapse of time, any of the other occupants of K.A.K.'s vehicle could have put the rolling papers and tweezers in the glove compartment. No evidence or permissible inference presented at the adjudicatory hearing pointed to K.A.K. as the one who put the items there because none of the other occupants testified to disclaim knowledge or possession of those items. "In a case of a jointly-occupied vehicle, knowledge and ability to control the contraband may not be inferred, but must be established by independent proof." E.A.M. v. State, 684 So.2d 283, 284 (Fla. 2d DCA 1996). "This proof must consist either of actual knowledge of the contraband's presence or evidence of incriminating statements and circumstances from which the jury reasonably might infer the accused's actual knowledge of the presence of the contraband." A.C. v. State, 658 So.2d 1173, 1174 (Fla. 2d DCA 1995).
The State failed to present such necessary independent proof that K.A.K. knew of the presence of the items or that she had the ability to control them. The trial court had correctly concluded that the State had failed to overcome reasonable doubt about K.A.K.'s possession of the marijuana and the glass pipe, despite the *408 fact that both were found in the driver's area of the car. The trial court's correct evaluation of the State's imperfect case about the marijuana and glass pipe should have extended to the items in the glove compartment. The fact that the rolling papers and the tweezers were found in that glove compartment, rather than in the passenger area itself, was not sufficiently distinctive factually or dispositive of the case because the compartment was open to all at the time the deputy searched. No more evidence tied K.A.K. to the items inside the glove compartment than to the marijuana and the glass pipe. Cf. Cruz v. State, 744 So.2d 568 (Fla. 2d DCA 1999) (holding that dominion and control were not proven where a pipe was found in plain view on the floorboard of the car near the gas pedal while the defendant was driving with a passenger); Smith, 687 So.2d 875 (holding that constructive possession of a pound of marijuana in a green flight bag in a jointly-occupied vehicle was not proven where there was no record evidence connecting the defendant to the contraband, no fingerprints were found on the bag, the bag contained none of the defendant's clothing, and the bag was merely in the vehicle with the defendant); Ras v. State, 610 So.2d 24 (Fla. 2d DCA 1992) (holding that while defendant knew of the cocaine's presence, there was insufficient evidence to prove he had dominion and control over it); Cordero v. State, 589 So.2d 407 (Fla. 5th DCA 1991) (holding the evidence insufficient to prove knowledge where the defendant was the front seat passenger and the officer found a bag containing cocaine underneath the passenger seat between the transmission tunnel and the seat); Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976) (holding the evidence insufficient to prove possession in a jointly-occupied vehicle where a bag containing marijuana was found in close proximity to the defendant, a pipe was on the console between the automobile's bucket seats, two roaches and a roach clip were in the automobile ashtray, and there was an odor of marijuana); D.J. v. State, 330 So.2d 35 (Fla. 4th DCA 1976) (holding the evidence insufficient to prove possession where there was an odor of burning marijuana, a half-burned marijuana cigarette on floor next to the defendant, another half-burned marijuana cigarette on the floor by the driver's seat, a marijuana cigarette in an ashtray, a marijuana cigarette in the glove compartment, and numerous marijuana seeds in the driver's seat and on the console between the two front bucket seats).
We reverse the adjudication of delinquency and remand with instructions to enter a judgment of dismissal on the remaining possession of paraphernalia count.
FULMER and SILBERMAN, JJ., Concur.
NOTES
[1] §§ 893.13(6)(b),  .147(1), Fla. Stat. (2003).